IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **CRIMINAL NUMBER 24-431** |
| v. | : | |
| | : | |
| | : | |
| **EDWARD STUART** | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Edward Stuart, has accepted full responsibility for his actions and pled guilty to distribution and possession of child pornography. His plea was entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The written plea agreement between the government and the defendant provides that the sentence in this matter, if accepted by this Court, shall be between 144 to 151 months of imprisonment followed by a period of supervised release. The defense respectfully requests the Court impose the mandatory supervised release period of five years.

The undisputed guideline range in this case is 151 to 188 months' imprisonment. (See Presentence Investigation Report "PSR" ¶107). Mr. Stuart has no prior arrest and no criminal record whatsoever. (PSR ¶60). He is demonstrably remorseful and looks forward to getting therapy and drug treatment while incarcerated and thereafter. His mother, while shocked and disappointed, has steadfastly supported Mr. Stuart and will continue to do so. Sex offenders in particular, because of the nature of their convictions, heavily rely on family members when released.

Mr. Stuart respectfully requests the Court accept the plea agreement carefully entered

1

into between the government and the defense and impose a sentence of 144 months.   A sentence of 144 months is a significant period of incarceration for an individual who has never been in prison before.   Such a lengthy sentence, which is modestly below the advisory range, would be sufficient and not greater than necessary-- given the nature of the offense, Mr. Stuart's lack of criminal history, his extreme addiction that contributed to this offense and his goals for the future. The Court can also consider the severe collateral consequences of a conviction of this nature, including Mr. Stuart's mandatory reporting under SORNA and the restitution he will owe.

Edward Stuart pled guilty to Count One and Count Six of the indictment on December 2025.   Specifically, Count 1 charges distribution and attempted distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) and Count 6 charges possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

Mr. Stuart was arrested and taken into local custody on this matter on August 10, 2024 and transferred to federal custody on December 10, 2024. He has been in continuous custody since August 2024. Sentencing in this matter is scheduled before this Court on March 12, 2026.

The defense agrees that the advisory guideline range of 151 to 188 months calculated pursuant to §2G2.2 is technically correct. (PSR ¶ 107).   The defense contends however, this guideline range overstates the appropriate punishment in this case and requests that this Court, for the following reasons, grant a modest variance encompassed in the joint recommendation and impose a sentence of 144 months.

The base offense level as set forth in 2G2.2 for distribution, receipt and possession of child pornography is 22. The guideline range of 151-188 months was arrived at in this case only

after a number of enhancements set forth in 2G2.2 were applied to raise the base offense level *15 levels* from 22 to 34.   One of the upward adjustments exists in nearly 100 percent of child pornography cases.   Specifically, Mr. Stuart's offense level increased by two levels because the offense involved use of a computer or use of an interactive computer service, pursuant to §2G2.2(b)(6).

Guideline enhancements – like those described above -- were and are intended to increase the base offense level to account for any *aggravating factors* that are present in a particular case. The use of a computer, phone or interactive computer service exists in every case and should not be considered an aggravating factor.   The Court can consider the two levels are essentially redundant or unwarranted and vary downward as other judges have done, in recognition of the frequency with which it applies.   The advisory range without the two additional levels for use of a computer, is 121 to 151 months' incarceration.   The sentence the defense is arguing for falls in the higher end of that range.

As noted above, the parties have entered into a written plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that calls for a sentence of imprisonment between 144-151 months followed by a period of supervised release as ordered by the Court. (Plea Agreement at Paragraph 4).   The low end of the parties' proposed range is modestly below the guideline range called for under 2G2.2 – and there is good reason for that.

Courts have routinely varied below the 2G2.2 guidelines finding that the enhancements fail to apply only to the aggravated case but instead apply to virtually all production, receipt and possession cases.   Enhancements that were originally intended to increase the base offense level of a distribution, receipt and possession case arising from the presence of aggravating factors in

the specific offense conduct have undergone empirical review and it has been found that *in practice* these enhancements apply to almost all distribution, receipt and possession cases.[1]

Far from punishing a particular defendant whose offense conduct involved real aggravating factors, these 4 enhancements (calling for a 13-level increase in the base offense level) drastically increase the base offense level for almost all distribution, receipt and possession cases. Not surprisingly, sentencing courts have attempted to correct this disparity by varying below the 2G2.2 guideline range.[2]

In 2024, the Third Circuit recognized that sentencing courts routinely and properly vary below the 2G2.2 guideline range. In *United States v. Haggerty, 107 F. 4th 175, 188 (3rd Cir. 2024)* a case dealing specifically with an enhancement under 2G2.2 the Court reiterated that although an enhancement may technically apply "if a sentencing judge determines that applying the . . . enhancement would be overly harsh or unreasonable based on the facts of a given case, she has the discretion to vary downward from the Guideline range and impose what she considers to be a reasonable sentence. Judges retain discretion to consider factors that can ameliorate a sentence that is overly harsh or unreasonable." The Court also noted that variances under 2G2.2 "have become quite common." *Id. at 188.*

---

[1] In its 2021 report the United States Sentencing Commission found that 4 of the enhancements applied here in Mr. Stuart's case are applied in almost every distribution, receipt and possession case: 1) the use of computer 2 level enhancement is applied in 95% of all distribution cases; 2) the victim under age twelve 2 level enhancement is applied in 95% of all distribution cases, 3) the 4 level enhancement for sadistic or masochistic conduct is applied in 84% of all distribution cases, and 4) the more than 600 images 5 level enhancement is applied in 77% of all distribution cases. *United States Sentencing Commission 2021 Report: Federal Sentencing of Child Pornography: Non-Production Offenses* at p. 4-5.

[2] The Sentencing Commission collects information from every federal case nationwide. According to the data collected between 2020- 2024 for defendants sentenced under §2G2.2, the average length of imprisonment was 109 months' imprisonment and the median length was97 months. See attached chart available at https://jsin.ussc.gov/analytics/saw.dll?Dashboard.

For these reasons alone a seven-month downward variance in this case and imposition of a 144-month sentence is sufficient but not greater than necessary.[3] Moreover, a modest variance would help correct some of the disparity that exists in these cases.

Edward Stuart is truly remorseful for his actions. He has pled guilty and accepted full responsibility for what he did and he is prepared to serve a significant term of imprisonment in order to pay his debt to society. During his incarceration he intends to take advantage of every type of course and treatment offered. While he has an excellent work history, he needs substance abuse treatment and therapy to address this wrongdoing and anti-social conduct.

Edward Stuart is 45 years old. He has never been charged or convicted of a crime before and has never spent time in custody. As of March 2026, he has been in custody now for 19 months and has years left to serve. During this period of time, he has reflected on his wrongdoing, the harm to his family and the victims. He feels particular remorse toward the grief and anguish he has caused family members and especially, his mother. He is committed to using the years he will spend in prison to better himself educationally and emotionally. Simply put, if given the chance he will do everything in his power not to disappoint the trust of this Court and show that he is someone that can be rehabilitated.

---

[3] It has long been recognized that the sentencing guidelines with respect to child pornography offenses are not based upon the usual examination of empirical evidence by the United States Sentencing Commission. *See United States v. Grober*, 624 F.3d 592, 600-01 (3d Cir. 2010) (applying abuse of discretion review to a district court's policy-based downward variance from § 2G2.2 because "the Commission did not do what 'an exercise of its characteristic institutional role' required—develop §2G2.2 based on research and study rather than reacting to changes adopted or directed by Congress"); *id*. at 608-09 ("Congress, of course. . . may enact directives to the Commission which the Commission is obliged to implement," but "*Kimbrough* permits district courts to vary even where a guideline provision is a direct reflection of a congressional directive").

For all of the reasons set forth above, the defense respectfully requests that this Court accept the terms of the written plea agreement entered into between the parties and sentence the defendant to 144 months in prison to be followed by 5 years of supervised release.

                        Respectfully submitted,

                        */s/ Maranna J. Meehan*
                        MARANNA J. MEEHAN
                        Assistant Federal Defender

## **CERTIFICATE OF SERVICE**

I, Maranna J. Meehan, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have filed and served a copy of Defendant's Sentencing Memorandum, via Electronic Case Filing upon:

Michelle Rotella
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania 19106
Email:   Michelle.Rotella@usdoj.gov

*/s/ Maranna J. Meehan*
MARANNA J. MEEHAN
Assistant Federal Defender

DATE:        March 2, 2026